IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION 22-cv-10555-RGS

CALLAHAN, INC.

v.

MARATHON BUILDING SERVICES
and
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY

---

MARATHON BUILDING SERVICES
Third-Party Plaintiff

v.

ANABEC, INC. and ARAMSCO, INC.,

ORDER ON CALLAHAN, INC.'S MOTION
TO COMPEL DISCOVERY RESPONSES FROM
MARATHON BUILDING SERVCES

April 28, 2023

STEARNS, D.J.,

Having reviewed the supporting memorandum and attached emails, and mindful of Marathon's nonresponses to several of the discovery

requests, earlier discovery Orders (particularly Dkt #29)[1] and extensions, and the June 2023 discovery deadline, the court orders the following:

Interrogatories No.s 2&3 and 5, 6, & 7

The parties' subcontract specifically provides that Marathon "agreed to defend, indemnify, and hold Callahan harmless from and against all claims, damages, suits, losses, liabilities, and expenses . . . ." Compl. ¶ 12. These interrogatories specifically request that Marathon identify insurance policies providing coverage for Callahan's claims against Marathon and to identify specifically the insurance carriers (including excess carriers) providing coverage. This information is integral to determining the scope of Marathon's coverage for Callahan as an additional insured on its policies. While production of documents can sometimes satisfy interrogatory responses, simply referring Callahan to insurance policies does not meet Marathon's obligations under the federal procedural rules as to these discovery questions. Marathon must inform Callahan whether it has insurance for the claims at issue and whether Marathon is covered by the claims **no later than May 12, 2023**.

[1] The court has earlier entered an Order compelling Callahan to respond to discovery directing it "to serve good faith, fulsome responses to Marathon's interrogatories no later than November 8, 2022." See Dkt #29.

Interrogatory 4

Callahan requested that Marathon identify "each and every individual or entity retained by Marathon to perform work at the project (the Jefferson Apartments at Malden Center, Massachusetts - the Project), including . . . a brief description of the scope of work for each individual or entity." Marathon answered that it was "uncertain, at this point in time, whether any individuals or entities were retained by Marathon for work at the Project", and ultimately has failed to respond. The court directs Marathon to fully respond to this Interrogatory **no later than May 12, 2023**.

Interrogatory 12

The specific mold remediation product that Marathon applied to the piping at the Project appears to be a critical issue in dispute. Referring Callahan to an invoice is an inadequate response to this interrogatory. Marathon must directly answer this interrogatory (what product was applied) **no later than May 12, 2023**.

Document Requests 12, 13, 14, 18, and 26:

In each Response, Marathon stated that responsive documents would be provided, if available, but to date hasn't responded. The court orders Marathon to either fully produce responsive documents to Callahan or provide appropriate objections (and if asserting privilege, including a

privilege log) to any documents that it claims no legal obligation to produce **no later than May 12, 2023**.

Document Request 21

While the court agrees that ALL correspondence between Marathon and Anabec (without topic or specific time period) is an overly broad request, correspondence regarding THIS project during the relevant period is objectively discoverable. If Marathon has a legitimate objection, it must file it with the court along with any documents withheld for privilege for <i>in camera</i> review **no later than May 12, 2023**.

Document Request No. 22-23

Again, the court agrees that Marathon may have legitimate objections to these two document requests. However, because of its recalcitrance in responding to these discovery requests and the looming discovery deadline (June 30, 2023), the court directs Marathon to provide Callahan with any discoverable documents ("encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") responsive to these two requests. If claiming privilege, the court directs Marathon to submit to the court for <i>in camera</i> review a privilege log and associated documents **no later than May 12, 2023**.

SO ORDERED.

/s/ Richard G. Stearns ____________
UNITED STATES DISTRICT JUDGE